IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH L. THOMPSON,

      Plaintiff,

      v.                                  CASE NO. 20-3319-SAC

CORE CIVIC,

      Defendant.

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Kenneth L. Thompson is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his Complaint should not be dismissed for the reasons stated herein.

## 1.  Nature of the Matter before the Court

Plaintiff proceeds *pro se* in this civil rights case.   The Court entered a Notice of Deficiency (Doc. 2) notifying Plaintiff that his complaint was not on the court-approved form and that he failed to submit the filing fee or a motion for leave to proceed *in forma pauperis*.   The Notice granted Plaintiff until January 29, 2021, to comply and provided that "this action may be dismissed without further notice for failure to comply."  (Doc. 2, at 2.)  Plaintiff failed to comply by the deadline and this matter was dismissed on February 17, 2021.  (Docs. 3, 4.)

On March 5, 2021, Plaintiff submitted his Complaint on the Court-approved form and his motion for leave to proceed *in forma pauperis*.  (Docs. 5–1 and 5–2.)  Plaintiff indicated in the submission that "regardless of the tardiness" he hoped to "revive the case."  (Doc. 5.)  The Court will treat the submission as a motion to reopen and will grant the motion.  The Court also grants Plaintiff's request to proceed *in forma pauperis* at Doc. 5–2.

In his Complaint (Doc. 5–1) Plaintiff alleges Eighth Amendment violations while housed at the CoreCivic detention facility in Leavenworth, Kansas.  Plaintiff alleges that he was denied proper medical care for a dental infection.  Plaintiff names CoreCivic as the sole defendant and seeks proper dental care and compensatory and punitive damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

The Supreme Court recognized in *Bivens*[1] an implied damages action to compensate

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures.  *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (stating that the *Bivens* remedy has never been considered a proper vehicle for altering an entity's policy).

Although the Supreme Court has recognized a remedy under *Bivens* for Eighth Amendment violations, Plaintiff is unable to assert a *Bivens* claim against the Defendant in this case.  *See Carlson v. Green,* 446 U.S. 14, 100 S. Ct. 1468, 64 L.Ed.2d 15 (1980) (holding that the Eighth Amendment Cruel and Unusual Punishments Clause provided damages remedy for failure to provide adequate medical treatment).

The United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights.  *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *see also Malesko*, 534 U.S. at 71–73 (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons).  In *Minneci*, the Supreme Court stated:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.  We cannot imply a *Bivens* remedy in such a case.

*Minneci*, 565 U.S. at 131.

The Supreme Court reasoned that "a critical difference" between cases where *Bivens* liability applied and those where it did not was "employment status," i.e., whether the defendants

4

were "personnel employed by the government [or] personnel employed by a private firm." *Id*. at

126. CoreCivic is a private corporation contracting with the United States Marshals Service, a

federal law enforcement agency. CoreCivic's employees are private employees of a private

corporation. The Supreme Court also rejected the argument that private actors performing

governmental functions should be considered federal agents for the purposes of *Bivens* liability.

*Id*. at 126–27.

The Supreme Court held in *Minneci* that the "ability of a prisoner to bring state tort law

damages action[s] against private individual defendants means that the prisoner does not 'lack

effective remedies.'" *Id*. at 125 (citing *Malesko*, 534 U.S. at 72). They reasoned that "in the case

of a privately employed defendant, state tort law provides an 'alternative, existing process' capable

of protecting the constitutional interests at stake." *Id*. (citing *Wilkie v. Robbins*, 551 U.S. 537, 550

(2007)). They explained that, "[s]tate-law remedies and a potential *Bivens* remedy need not be

perfectly congruent" and even if "state tort law may sometimes prove less generous than would a

*Bivens* action," this fact is not a "sufficient basis to determine state law inadequate." *Id*. at 129

(finding that "federal law as well as state law contains limitations").

The Supreme Court also found "specific authority indicating that state law imposes general

tort duties of reasonable care (including medical care) on prison employees in every one of the

eight States where privately managed secure federal facilities are currently located." *Id*. at 128.

"[I]n general, state tort law remedies provide roughly similar incentives for potential defendants

to comply with the Eighth Amendment while also providing roughly similar compensation to

victims of violations." *Id*. at 130. In fact, Kansas is another state whose tort law reflects the

"general principles of tort law" recognized in *Minneci* and set forth in the (Second) Restatement

of Torts §§ 314A(4), 320 (1963–64). *See Camp v. Richardson*, No. 11-3128-SAC, 2014 WL

958741, at n.12 (D. Kan. 2014) (citing *Estate of Belden v. Brown Cty.*, 261 P.3d 943 (Kan. App. 2011) (setting forth remedies available in Kansas)).

Likewise, the Tenth Circuit has previously stated that "the presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be implied."  *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012) (unpublished) (citing *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1102 (10th Cir. 2005)).  The Tenth Circuit found that where plaintiff "has an alternative cause of action against the defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action against the defendants in their individual capacities," and he is "barred by sovereign immunity from asserting a *Bivens* action against the defendants in their official capacities."  *Crosby*, 502 F. App'x at 735 (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (finding that an official-capacity claim "contradicts the very nature of a *Bivens* action.  There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.")).

Plaintiff's remedy against CoreCivic and its employees, if any, is an action in state court for negligence or other misconduct.  *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-3068-SAC-DJW, 2016 WL 6164208, at *3 (D. Kan. 2016) (stating that plaintiff has remedies for injunctive relief in state court and citing *Peoples*, 422 F.3d at 1104–05 (individual CCA defendants owed a duty to protect to plaintiff that if breached, would impose negligence liability); *Lindsey*, 557 F. Supp. 2d at 1225 (Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights.); *see also Menteer v. Applebee*, 2008 WL 2649504, at *8–9 (D. Kan. June 27, 2008) (plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim).  In addition, "[i]n Kansas, a prisoner may attack the terms and conditions

of his or her confinement as being unconstitutional through a petition filed under K.S.A. 60-1501."

*Harris*, 2016 WL 6164208, at \*3 (citing *Jamerson v. Heimgartner*, 326 P.3d 1091, at \*1 (Kan. App. June 20, 2014) (unpublished)).  Because Plaintiff has an alternative cause of action pursuant to Kansas state law, he is precluded from asserting a *Bivens* action in federal court.  Plaintiff's claims are subject to dismissal.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion to reopen (Doc. 5) is **granted.**  The Court's order and judgment dismissing this case at Docs. 3 and 4 are **vacated** and this case is **reopened**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5–2) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **December 10, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated November 12, 2021, in Topeka, Kansas.**

> **S/ Sam A. Crow**
> **SAM A. CROW**
> **SENIOR U. S. DISTRICT JUDGE**